# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SHAUN R. MURRAN,

        Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

        Defendants.

Case No. 3:23-cv-00196-JMK

## SCREENING ORDER

On August 28, 2023, self-represented pretrial detainee Shaun R. Murran ("Plaintiff") filed a civil rights complaint ("Complaint"), a civil cover sheet, and an application to waive prepayment of the filing fee.[1] In Claim 1, Plaintiff alleges that on or about July 31, 2022, Defendants violated his right to be free from cruel and unusual punishment.[2] In Claim 2, Plaintiff alleges Defendants were negligent on September 1, 2022, when they failed to protect him from an assault.[3] In Claim 3, Plaintiff alleges that on February 9, 2022, Defendants were deliberately indifferent to his health and safety.[4] For relief, Plaintiff requests damages in the amount of $2 million dollars and punitive damages in the amount of $6 million dollars. Since

---

[1] Docket 1.

[2] Docket 1 at 3.

[3] Docket 1 at 4.

[4] Dockets 1 at 5.

filing his initial Complaint, Plaintiff has sent four letters to the Court.[5] The Court need not consider additional arguments contained in these documents because this is not the proper procedure to amend a complaint.[6]

The Court takes judicial notice[7] of Plaintiff's underlying criminal case to the extent it is relevant herein. Plaintiff appears to have been sentenced since filing his Complaint.[8] The Court now screens the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. As explained further below, Plaintiff's Complaint does not contain sufficient plausible facts to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure for a civil rights action under 42 U.S.C. § 1983 ("Section 1983"). Therefore, the Court must dismiss the Complaint. However, the Court grants Plaintiff leave to file an amended complaint in accordance with the guidance contained in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or

---

[5] Dockets 5–8.

[6] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); see also Fed. R. Evid. 201.

[8] *See State of Alaska vs. Murran,* Case No. 4HB-22-00005CR, Docket 11/28/2023 ("Charge Disposition: Defendant Convicted on Charge. For sentencing information, see the Judgment in the case file.").

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 2 of 16

officer or employee of a governmental entity.[9] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[10]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

Although the scope of review generally is limited to the contents of the complaint, the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[13] During screening, the Court is not required "to wade through exhibits to determine whether cognizable claims have been stated."[14] However, exhibits that

---

[9] 28 U.S.C. §§ 1915, 1915A.

[10] 28 U.S.C. § 1915(e)(2)(B).

[11] See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[13] United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

[14] Woodrow v. Cty. of Merced, No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. 2015).

Case No. 3:23-cv-00196-JMK, Murran v. Alaska Department of Corrections
Screening Order
Page 3 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 3 of 16

contradict the allegations of a complaint may fatally undermine the complaint's allegations.[15]

## DISCUSSION

### I. Requirements to State a Claim

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[16] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[17] Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[19] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me

---

[15] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[18] *Ashcroft*, 556 U.S. at 678.

[19] Federal Rule of Civil Procedure (FRCP) 8(a)(2).

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 4 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 4 of 16

accusation[s]" are insufficient to state a claim.[20] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[21]

## II. Civil Rights Actions

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[22] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[23] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[24] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25]

A defendant in a civil rights lawsuit must be a "person."[26] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act,

---

[20] *Id.*

[21] *Id.* (internal citations and quotations omitted).

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[24] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[26] 42 U.S.C. § 1983.

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 5 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 5 of 16

participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[27] A person who acted under color of state law and caused a violation of federal rights may be sued in either an "individual" or "official" capacity. A defendant sued in an individual capacity may be held liable for monetary damages.[28] But a defendant sued in an official capacity may not be sued for damages, only for injunctive relief.[29] A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[30]

### A. The Department of Corrections

The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the State or agency agrees to waive its immunity.[31] Further, the State of Alaska and state agencies are not considered "persons" under Section 1983.[32] Therefore, Plaintiff cannot maintain a Section 1983 claim in federal court against the State of

---

[27] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[28] *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

[29] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

[30] *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

[31] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York*, 256 U.S. 490, 497 (1921); *see also Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

[32] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 does not include a State or State agency).

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 6 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 6 of 16

Alaska or any of its departments or agencies, such as the Department of Corrections.

### B. Cruel and Unusual Punishment

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners[33] and must "take reasonable measures to guarantee the safety of the inmates."[34] However, the protections of the Eighth Amendment are "reserved for 'those convicted of crimes' ...."[35] Constitutional claims brought by pretrial detainees arise under the Fourteenth Amendment and claims by convicted prisoners arise under the Eighth Amendment.[36] Plaintiff was not a convicted prisoner in the custody of the state at the time of the alleged violations, and as such, the Eighth Amendment does not apply. Therefore, the

---

[33] *Mendiola-Martinez v. Arpaio,* 836 F.3d 1239, 1246 n.5 (9th Cir. 2016); *see also Ingraham v. Wright,* 430 U.S. 651, 671–72 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

[34] *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984).

[35] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Byrd v. Maricopa Cnty. Bd. of Supervisors,* 845 F.3d 919, 924 n.2 (9th Cir. 2017) ("The Fourteenth Amendment, and not the Eighth Amendment, governs cruel and unusual punishment claims of pretrial detainees.").

[36] *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 7 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 7 of 16

Court construes Plaintiff's claims as arising under the Fourteenth Amendment's Due Process Clause.[37]

### C. Deliberate Indifference to Medical Need

In order to state a claim for violations involving medical care, an inmate must allege plausible facts that, if proven, would establish that a defendant has been deliberately indifferent to a serious medical need.[38] A serious medical need is an objective standard and may be found if the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[39] Indicators of a serious medical need include: "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the

---

[37] *Bell v. Wolfish*, 441 U.S. 520 (1979) (holding that under the Due Process Clause, a pre-trial detainee may not be punished prior to conviction); *see also Gordon v. County of Orange,* 888 F.3d 1118, 1124 (9th Cir. 2018) ("medical care claims brought by pretrial detainees ... arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause.") (internal citations and quotations omitted).

[38] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

[39] *Peralta v. Dillard,* 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and further internal quotation marks omitted).

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 8 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 8 of 16

presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."[40]

To state a medical care claim under the Fourteenth Amendment, a pretrial detainee must plausibly allege facts that, if proven, would establish each of the following four elements:

(1) the defendant made an intentional decision with respect to the denial of needed medical care;

(2) the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;

(3) the defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable state actor under the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) by not taking such measures, the defendant caused the plaintiff's injuries.[41]

With respect to the third element, the defendant's conduct must be objectively unreasonable. A mere lack of due care by a state official does not

---

[40] *Colwell v. Bannister*, 763 F.3d at 1066 (9th Cir. 2014) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

[41] *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–35 (9th Cir. 2018).

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 9 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 9 of 16

violate the Fourteenth Amendment. In other words, the pretrial detainee must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[42] This differs from the inquiry under the Eighth Amendment which requires that the "prison official must *subjectively* have a sufficiently culpable state of mind."[43]

Plaintiff has not pleaded facts regarding what medical needs he believes were denied, who denied them, when they were denied, or what his resulting injuries were. Further, from the documents Plaintiff included with his filings, it appears he declined medical attention after the incident on November 19, 2023.[44] Therefore, Plaintiff has not stated a plausible claim for inadequate medical care under the Fourteenth Amendment.

### D. Failure to Protect

Under the Fourteenth Amendment, a pretrial detainee has the right to be protected from violence from other inmates while in custody.[45] "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."[46] In

---

[42] *Id.* at 1125 (quoting *Castro v. Cnty. of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016)).

[43] *Id.* at 1125 n.4 (citations omitted).

[44] Docket 8 at 3.

[45] *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016).

[46] *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001).

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 10 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 10 of 16

order to prove the defendant deprived the plaintiff of this right, a plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the defendant made an intentional decision regarding the conditions under which the plaintiff was confined;
2. those conditions put the plaintiff at substantial risk of suffering serious harm;
3. the defendant did not take reasonable available measures to abate or reduce that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
4. by not taking such measures, the defendant caused the plaintiff's injuries.[47]

With respect to the third element, the defendant's conduct must be objectively unreasonable.[48] "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case' and must be determined "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."[49] However, prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk.[50] Prison officials may, however, avoid liability by presenting evidence that they lacked knowledge of the risk.[51] Moreover, prison officials may avoid liability

---

[47] *Id.* at 1071.

[48] *See Castro,* 833 F.3d at 1069 (concluding there was sufficient evidence to show officers were deliberately indifferent to substantial risk of serious harm to pretrial detainee).

[49] *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

[50] *See Farmer*, 511 U.S. at 843.

[51] *See Farmer*, 511 U.S. at 844; *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187–88 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076.

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 11 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 11 of 16

by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.[52]

While Plaintiff claims he reported fear of violence, he has not provided "'clearly ... allege[d] facts demonstrating'" each element required to state a plausible failure-to-protect claim. However, the Court grants Plaintiff leave to file an amended complaint.

### E. Negligence

Claims of negligence are grounded in state law and most typically addressed in Alaska state court and not in federal court.[53] The statute of limitations of personal injury tort claims in Alaska is two years.[54] Because Plaintiff fails to establish this Court's original jurisdiction over any of Plaintiff's claims—and because the Complaint fails to allege the essential elements of a tort claim—the Court does not exercise supplemental jurisdiction over any state claims.

### CONCLUSION

For the reasons above, the Complaint must be dismissed for failure to state a claim upon which relief could be granted. Therefore, the Complaint must be dismissed. However, the Court will grant Plaintiff leave to file an amended

---

[52] *See Farmer*, 511 U.S. at 844–45; *see generally Berg v. Kincheloe*, 794 F.2d 457, 462 (9th Cir. 1986).

[53] Alaska Civil Pattern Jury Instructions, Article 16.01 (Defamation - Elements of Defamation Per Se Where Plaintiff is Not Public Figure and Statement Does Not Relate to Issue of Public Interest or Concern), available at https://courts.alaska.gov/CVPJI/index.htm.

[54] AS § 09.10.070.

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 12 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 12 of 16

complaint to address the deficiencies identified in this order. Any amended complaint replaces the prior complaint in its entirety.[55] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[56] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it should not contain or have attached to it medical records or other documentation.

Although Plaintiff has been given the opportunity to amend, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint.[57] Any amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that a plaintiff is alleging has occurred to him, (2) when that injury occurred, (3) where that injury was caused, and (4) who he is alleging caused that specific injury to him.

Plaintiff is cautioned that non-procedurally compliant filings should not be

---

[55] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[56] Fed. R. Civ. P. 8(a)(2).

[57] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 13 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 13 of 16

filed and will not be considered by the Court. The Court will not consider requests made in the form of letters. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion and comply with the Local and Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at Docket 1 is DISMISSED for failing to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **30 days** from the date of this order to file **one of the following**:

   a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.[58]

---

[58] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 14 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 14 of 16

This dismissal would count as a "strike" against Plaintiff under § 1915(g).[59] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

4. Plaintiff's motion to waive prepayment of the filing fee at **Docket 3 is GRANTED.** Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[60] Should Plaintiff proceed with this lawsuit and sufficiently plead a plausible claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

5. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[61] Failure to comply may result in dismissal of this action.

6. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.

---

amend, and the plaintiff fails to amend the complaint).

[59] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[60] 28 U.S.C. § 1915(b)(1)&(2).

[61] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 15 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 15 of 16

Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[62] The Notice shall not include requests for any other relief.

8. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 5th day of January, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[62] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00196-JMK, *Murran v. Alaska Department of Corrections*
Screening Order
Page 16 of 16
Case 3:23-cv-00196-JMK   Document 9   Filed 01/05/24   Page 16 of 16